IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY LAYTON, | ) | 8:09CV470 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MARK FOXHALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on December 31, 2009. (Filing No. 1.) On February 3, 2010, Plaintiff paid the required initial partial filing fee. Thus, the court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate pursuant to 28 U.S.C. § 1915A. Also pending before the court are Plaintiff's Motion to Schedule Discovery and Motion to Appoint Counsel. (Filing Nos. 5 and 9.)

I.    SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against three Defendants, who are all employees at the Douglas County, Nebraska Correctional Center ("DCCC"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently incarcerated at the DCCC. (*Id.*)

Condensed and summarized, Plaintiff alleges that Defendants have held him in administrative confinement and segregation even though he has not violated any of DCCC's rules or regulations. Specifically, Defendant Early ordered that Plaintiff be placed in administrative confinement immediately upon Plaintiff's arrival to DCCC on December 12, 2009. (*Id.* at CM/ECF pp. 1-2.) While in administrative confinement, DCCC officials required Plaintiff to wear handcuffs and leg irons every time he exited his cell. (*Id.* at p. 3.) Further, Plaintiff was not allowed to use the telephone or engage in recreational activities. (*Id.*) Plaintiff was held in

administrative confinement for one week and then transferred to administrative segregation, where he remains. *Id.* In administrative segregation, Plaintiff faces "numerous restraints and deprivation of privileges afforded to general population [inmates]." (*Id.* at p. 4.) Plaintiff has asked DCCC Director, Defendant Newton, and DCCC Assistant Director, Defendant Foxhall, to release him from administrative segregation numerous times. (*Id.* at p. 3.) Plaintiff requests monetary relief in the amount of $525,000, including compensatory and punitive damages, and release from administrative segregation. (*Id.* at p. 5.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North*

*Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.[1] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III.  DISCUSSION OF CLAIMS

Liberally construed, Plaintiff alleges that Defendants deprived him of the right to be a part of the general prison population without adequate due process. The Due Process Clause by itself does not accord a prisoner a liberty interest in remaining in the general population. *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). Rather, prison officials must receive "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

Accordingly, the Eighth Circuit has held that an inmate "does not have a constitutional right to a particular prison job or classification." *Sanders v. Norris*, 153 Fed. Appx. 403, 404 (8th Cir. 2005); *Hartsfield v. Dep't of Corr.*, 107 Fed. Appx. 695, 696 (8th Cir. 2004) (unpublished per curiam decision) (stating that inmate has

---

[1] To the extent Plaintiff challenges his present confinement, the court cannot address the claim in an action brought pursuant to 42 U.S.C. § 1983. Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. *See Preiser v. Rodriquez*, 411 U.S. 475 (1973), *Heck v. Humphrey*, 512 U.S. 477 (1994).

3

"no liberty interest in a particular classification"). Thus, the question remains whether a liberty interest exists which was created by state law. To demonstrate a liberty interest created by state law, "[a]n inmate who makes a due process challenge to his segregated confinement must make a threshold showing that the deprivation of which he complains imposed an atypical and significant hardship." *Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (internal quotations omitted); *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The Eighth Circuit has consistently held that "administrative and disciplinary segregation are not atypical and significant hardships[.]" *Portley-El*, 288 F.3d at 1065; *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship."). However, under certain circumstances, prolonged confinement in administrative segregation can rise to the level of an atypical and significant hardship. *See Williams v. Norris*, 277 Fed.Appx. 647, 648 (8th Cir. 2008) (holding that an inmate's twelve years in administrative segregation confinement constituted an atypical and significant hardship); *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000) (holding that inmate's almost eight years in administrative custody was "atypical" and he had protected liberty interest); *Herron v. Schriro*, 11 Fed.Appx. 659, 661-62 (8th Cir. 2001) (unpublished per curiam decision) (affirming district court's finding that inmate's lengthy administrative segregation confinement, more than thirteen years, resulted in atypical hardship in relation to ordinary incidents of prison life, and defendants could not continue to deprive inmate of general population status without affording him due process).

Here, Plaintiff alleges that he is confined in administrative segregation, and states that he was placed in this classification status in December, 2009. (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff generally describes the conditions in administrative segregation, including the requirement that he wear leg irons and handcuffs when outside of his cell, and states that his privileges are less than those inmates housed in

the general population. (*Id.*) However, Plaintiff does not set forth any conditions which rise to the level of an "atypical and significant hardship." As set forth above, confinement in administrative segregation, by itself, for approximately five months is not an atypical and significant hardship. Thus, Plaintiff has not alleged sufficient facts to meet the threshold requirement to challenge his segregation status under the Due Process Clause and the Complaint is dismissed for failure to state a claim upon which relief may be granted.

  IT IS THEREFORE ORDERED that:

  1. This matter is dismissed without prejudice for failure to state a claim upon relief may be granted in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A. All pending motions are denied as moot.

  2. A separate judgment will be entered in accordance with this Memorandum and Order.

  3. The Clerk of the court is directed to place the 28USC1915(g)_STR flag on this matter.

DATED this 3rd day of May, 2010.

        BY THE COURT:

        s/ Joseph F. Bataillon
        Chief United States District Judge

---

 *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.